UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mark Stevan Risler,                                            Case No. 3:17-cr-497

               Petitioner–Defendant,

        v.                                                            MEMORANDUM OPINION
                                                                                  AND ORDER

United States of America,

               Respondent–Plaintiff.

## I.     INTRODUCTION

Petitioner Mark Stevan Risler filed a motion for relief under 28 U.S.C. § 2255, asserting his sentence should be reduced because his attorney allegedly provided ineffective assistance. (Doc. No. 29). The government opposes Risler's motion. (Doc. No. 32).

Risler also has filed a motion for the appointment of counsel, (Doc. No. 28), a motion for reconsideration of his sentence, (Doc. No. 34), a motion for modification of the conditions of his supervised release, (Doc. No. 39), a motion for compassionate release, (Doc. No. 41), and a motion for a ruling on his motions. (Doc. No. 43).

For the reasons stated below, I deny Risler's motions.

## II.     BACKGROUND

On December 6, 2017, Risler was charged by indictment with one count of knowingly receiving and distributing child pornography in violation of 18 U.S.C. § 2252(a)(2). (Doc. No. 1). Risler subsequently pled guilty without a plea agreement on May 10, 2018. (*See* non-document entry

dated May 11, 2018). Risler faced a minimum mandatory term of five years in prison and a maximum term of twenty years. (Doc. No. 18 at 17). His Guideline imprisonment range was calculated at 151 to 188 months. (*Id.*). I ultimately varied downward from the Guideline range and sentenced Risler to 84 months in prison, along with a 5-year term of supervised release. (Doc. No. 26). I also ordered Risler to pay restitution in the amount of $41,500. (*Id.*). Risler did not appeal.

### III.   ANALYSIS

#### A.   MOTIONS TO REDUCE SENTENCE

Risler filed a motion for the appointment of counsel to assist him with a § 2255 motion to reduce his sentence on July 23, 2019, (Doc. No. 28), and his § 2255 motion on August 7, 2019. (Doc. No. 29). The government filed a brief in opposition to Risler's § 2255 motion, (Doc. No. 32), and Risler filed a brief in reply. (Doc. No. 33). Risler later filed what he described as a motion for reconsideration of his sentence, arguing the Supreme Court's decision in *Holguin-Hernandez v. United States*, 140 S. Ct. 762 (2020), justifies the reduction of his sentence from 84 to 60 months.[1] (Doc. No. 34).

Defendants do not have a constitutional right to counsel in postconviction proceedings. *See, e.g., Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). "Some of the factors the court should consider when making the decision to appoint counsel include the viability or frivolity of the indigent [defendant']s claims, the nature and complexity of the case, and the indigent [defendant']s ability to present the case." *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004) (citing *McCarthy v. Weinberg,* 753 F.2d 836, 838-39 (10th Cir. 1985) (*per curiam*) and *Henry v. City of Detroit Manpower Dep't,* 763 F.2d 757, 760 (6th Cir. 1985) (*en banc*)). I conclude the appointment of counsel is not

---

[1] Thus, Risler's motion for reconsideration in effect is a second § 2255 motion. I will treat it as a supplement to his initial motion.

2

warranted in this case because Risler has shown he is able to present his arguments without the assistance of counsel and, as I discuss below, his claims lack merit.

Section 2255 permits a defendant to challenge the sentence he received through a claim that the defendant's sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Defendants challenging their sentence under § 2255 must identify a constitutional error, "a fundamental defect which inherently results in a complete miscarriage of justice, . . . an omission inconsistent with the rudimentary demands of fair procedure[, or] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962) (citations and internal quotation marks omitted).

Risler asserts one ground for relief – ineffective assistance of trial counsel. In support of his claim, he asserts:

(1) Evidence was not produced through discovery;

(2) Closing argument of prosecution not supported by facts/evidence;

(3) Enhanced sentencing not supported by evidence;

(4) Improper conduct of prosecutor of evidence alluded to but never presented.

(Doc. No. 29 at 4). Risler requests that his sentence be reduced by two years and the restitution order be reduced due to financial hardship. (Doc. No. 29 at 12).

### 1. **Ineffective Assistance of Counsel**

Risler alleges his attorney "protested that it was an inconvenience for him to travel 3 hours to [Risler's] detention facility to visit/or discuss discovery" and failed to return phone calls or letters. (*Id.*). He further alleges his attorney told him "the overwhelming evidence by the prosecutor was such that the court would sentence me to an increased time as [opposed] to the guideline." (*Id.*). Finally, Risler contends his attorney provided ineffective assistance by failing to object to the

government's assertion that he "possessed more videos than had been presented," and that this allegedly nonfactual information "ultimately resulted in an increase of [his] sentence by 2 years." (*Id.*).

Defendants in criminal proceedings have a Sixth Amendment right to the effective assistance of counsel, including during the plea-bargaining process. *See, e.g., Lafler v. Cooper*, 566 U.S. 156, 162 (2012). A defendant who asserts he received the ineffective assistance of counsel must prove "counsel's representation fell below an objective standard of reasonableness," and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

While Risler offers various complaints about his attorney's performance before Risler entered his guilty plea, Risler does not allege he would have proceeded to trial had his attorney met with him more frequently or responded more promptly to Risler's calls and letters. (*See* Doc. No. 33 at 2-4). Thus, to the extent Risler's ineffective-assistance claim addresses events both before and after he pled guilty to the sole count in the indictment, I conclude Risler fails to establish the second *Strickland* prong with respect to his guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

Risler also claims he received ineffective assistance of counsel when his attorney failed to object to the government's statement that the case involved a large number of images and videos. (*See* Doc. No. 33 at 4 ("[The] Prosecutor's remarks were genuinely designed, in his closing arguments, to connect a larger number of images to a stiffer sentence. . . . [D]efense counsel offered no rebuttal argument or objection.")). Risler fails to establish either prong of the *Strickland* test with respect to his sentencing proceedings.

4

Risler claims I indicated during his sentencing hearing that "but for the additional 500 videos (suggested by the prosecutor)," I would have sentenced him to the mandatory minimum term of 60 months in prison. (*Id.*). Risler's recollection of the hearing is incorrect. To the contrary, I specifically stated during the sentencing hearing that "I believe that a downward variance is appropriate, but that the minimum sentence in this case is not appropriate. It would be a significant downward [variance] from the [G]uideline range . . . [and] the minimum sentence . . . is not appropriate in this particular case." (Doc. No. 37 at 23).

Moreover, Risler's suggestion that there was no proof of these "additional 500 videos" is disproven by the record evidence. The forensic examination of electronic devices seized from Risler's residence uncovered 1,117 image files and 541 video files. (Doc. No. 18 at 5).

Beyond this, Risler fails to acknowledge his attorney offered a specific objection to the five-level enhancement resulting from the number of images Risler possessed. The presentence report indicated Risler was subject to the five-level enhancement "[b]ecause the offense involved 1,117 images, which is 600 or more images pursuant to USSG §2G2.2(b)(7)(D)." (Doc. No. 18 at 11). Trial counsel submitted a written objection, citing to case law and arguing "[a] five-point enhancement . . . does not accurately portray the scope of the Defendant's act and its inclusion is unnecessarily severe." (*Id.* at 27). Counsel also reiterated this objection during Risler's sentencing hearing. (Doc. No. 37 at 16-17). Thus, Risler's contention that his attorney "offered no rebuttal argument or objection," (Doc. No. 33 at 4), is disproven by the record.[2]

Risler also claims his attorney was ineffective in failing to file a direct appeal. (Doc. No. 33 at 4). But "the Constitution is only implicated when a defendant <u>actually requests an appeal</u>, and his counsel disregards the request." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (emphasis

---

[2] As the government notes, even if Risler were correct and the number of videos had not been proven, the number of still images alone far exceeded the threshold necessary to trigger the five-level enhancement. (*See* Doc. No. 18 at 11).

added). Risler has not alleged he actually requested that his trial attorney file an appeal. Therefore, Risler fails to show his attorney violated his Sixth Amendment right to counsel by not filing a notice of appeal.

Risler fails to show his attorney's performance was objectively unreasonable or that he suffered prejudice due to his attorney's performance. Therefore, I deny his motion to reduce his sentence on this basis.

### 2. *Holguin-Hernandez v. United States*

Risler also argues I should reduce his sentence from 84 months to 60 months based upon the Supreme Court's decision in *Holguin-Hernandez v. United States*, 140 S. Ct. 762 (2020). He contends that decision warrants reconsideration of his sentence because, according to Risler, I was going to sentence him to the mandatory minimum term of 60 months but "elected to impose a sentence of eighty-four (84) months because of an unproven statement that the prosecutor made." (Doc. No. 34 at 1).

As I explained above, Risler's claim is factually incorrect. I never indicated I would consider sentencing Risler to 60 months rather than 84 months, and the government's statement regarding the number of videos Risler possessed was supported by the evidence.

Moreover, *Holguin-Hernandez* does not support a reduction in Risler's sentence. That case involved what a defendant was required to raise before the trial court in order to preserve for appeal the defendant's objection to a sentence imposed by the trial court. *Holguin-Hernandez*, 140 S. Ct. at 765-67. There, the Supreme Court ruled a defendant need only advocate for a particular sentence in order to "communicate[] to the trial judge his view that a longer sentence is 'greater than necessary'" and thereby to preserve the alleged error for appeal. *Id.* at 766 (quoting 18 U.S.C. § 3553(a)).

The Supreme Court's decision in *Holguin-Hernandez* confirms Risler preserved his objection to the sentence I imposed for purposes of appeal (though he did not in fact appeal his sentence).

6

But that case does not establish his sentence was imposed in violation of the Constitution or laws of the United States. Therefore, I deny his motion. (Doc. No. 34).

### 3. Restitution

Finally, Risler also moves for revocation of the restitution order. (Doc. No. 33 at 9). A defendant may challenge a restitution order through § 2255 by arguing the order violates the defendant's constitutional or statutory rights. *Weinberger v. United States*, 268 F.3d 346, 355-58 (6th Cir. 2001). Risler contends the restitution order is improper because (1) he did not have "the ability to confront those demanding restitution"; (2) restitution was entered "without regard, care[,] or [consideration of] . . . the Defendant's ability to pay, with no consideration as to his degree of proximate harm, culpability[,] and relation to the victims"; and (3) there was no proof of a causal connection between his conduct and the victims' specific losses. (Doc. No. 33 at 7-8).

Risler's first contention lacks merit. He pled guilty to the charge against him and, by doing so, waived his Sixth Amendment right to confront the witnesses against him. *See, e.g., Boykin v. Alabama*, 395 U.S. 238, 243 (1969). More to the point, "the Confrontation Clause does not apply at sentencing." *United States v. Graham-Wright*, 715 F.3d 598, 601 (6th Cir. 2013). Therefore, Risler had no Sixth Amendment right to confront the victims of his offense at sentencing and he fails to show his rights were violated in this respect.

His second and third contentions are disproven by the record. In imposing restitution pursuant to 18 U.S.C. §§ 2259 and 3663A, I determined Risler's actions in receiving and distributing child pornography were a proximate cause of the harm suffered by the victims and considered the factors set forth by the Supreme Court in *Paroline v. United States*, 572 U.S. 434 (2014), before ordering Risler to pay specific restitution amounts to eight of the nine identified victims. (Doc. No. 25 at 3-14).

Once Risler pled guilty to violating § 2252(a)(2), the law required me to order him to pay restitution to the victims. 18 U.S.C. § 2259(b)(2), (b)(4)(A), (c)(3). Moreover, § 2259 explicitly prohibited me from declining to issue a restitution order "because of the economic circumstances of the defendant." 18 U.S.C. § 2259(b)(4)(B)(i). Nevertheless, I considered Risler's ability to pay when formulating a restitution payment schedule:

> The defendant must pay restitution, through the Clerk of the U.S. District Court. Restitution is due and payable immediately. If the defendant can[]not pay restitution immediately, the defendant must pay 25% of his gross income per month, through the Federal Bureau of Prisons Inmate Financial Responsibility Program. If a restitution balance remains upon release from imprisonment, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in monthly payments of at least a minimum of 10% of defendant's gross monthly income during the term of supervised release and thereafter as prescribed by law.
>
> [Notwithstanding] establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before and after the date of this order.

(*Id.* at 14-15).

Risler fails to show the restitution order was entered in violation of the Constitution or laws of the United States. Therefore, I deny his motion on this basis.

### B. MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

Risler moves to modify the conditions of his supervised release pursuant to 18 U.S.C. § 3583(e). (Doc. No. 39). His challenge to his supervised release conditions falls into two categories.

First, he argues the following standard and special conditions of supervision violate his constitutional rights, either on the face of the condition or because the condition is "overly broad," such that it impermissibly infringes upon his rights:

- You must answer truthfully the questions asked by your probation officer;
- You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon;

8

- The defendant shall participate in an approved program of substance abuse testing and/or outpatient or inpatient substance abuse treatment as directed by their supervising officer; and abide by the rules of the treatment program;

- You must not possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media;

- You must undergo a mental health evaluation and/or participate in a mental health treatment program and follow the rules and regulations of that program;

- You must not use or possess alcohol;

- You must not have direct contact with any child you know or reasonably should know to be under the age of 18 . . . without the permission of the probation officer;

- You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer- generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256);

- You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program;

- You must submit to substance abuse testing to determine if you have used a prohibited substance;

- You must not access the Internet. . . . You must not access the Internet except for reasons approved in advance by the probation officer;

- You must not date or befriend anyone who has children under the age of 18, unless approved in advance by the probation officer;

- You must consent to enhanced, extensive home inspections, which may include examining under beds and mattresses; in cabinets, closets and drawers; trash containers; refrigerators; personal home working spaces; vehicles; and out buildings and sheds;

- You must not visit or frequent strip clubs or adult theme books stores; and

- You must not possess bindings, blindfolds, restraints, handcuffs, or other sadomasochistic paraphernalia.

(Doc. No. 39 at 2, 4-9); (*see also* Doc. No. 26 at 4-7).

Under § 3583(e), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of

supervised release." 18 U.S.C. § 3583(e)(2). The § 3553(a) factors cited in § 3583(e)(2) "include the circumstances of the crime, the characteristics of the defendant, deterrence, protecting the public, providing the defendant with training and education, and others." *United States v. Faber*, 950 F.3d 356, 358 (6th Cir. 2020).

But § 3583(e) does not permit a defendant to challenge supervised release conditions on the ground that those conditions are illegal. *Id.* While a defendant may bring such a challenge on appeal or pursuant to § 2255, *id.*, Risler did not appeal and did not include his arguments concerning his release conditions in his motion to reduce his sentence.

This Court lacks jurisdiction to hear Risler's challenge to the legality of his supervised release conditions. Therefore, I dismiss that portion of Risler's motion without prejudice.

Next, Risler takes issue with the potential implications of several other standard and special conditions of supervised release:

- "You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer." (Doc. No. 26 at 4). Risler contends "[t]his restriction could prevent needed medical testing or treatment [at a medical facility located in Michigan] if an earlier appointment becomes available." (Doc. No. 39 at 1).

- "You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view." (Doc. No. 26 at 4). Risler argues this condition should be modified "to allow for [sufficient uninterrupted] sleep due to possible shift work and not to disturb any overnight guest(s) that may be present." (Doc. No. 39 at 2).

- "You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer." (Doc. No. 26 at 4). Risler asserts "[t]his condition may limit personal bonds of family or friends from well before my crime," and that there is "no way to prove" he would engage in illegal activity simply because he communicated with a convicted felon. (Doc. No. 39 at 2).

- "As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications, and/or confirm your

compliance with this requirement." (Doc. No. 26 at 4). Risler argues "[n]o third party risk has been identified. This condition is an invitation for discrimination, retaliation, vendetta, harassment, threats, taunts, etc. from the probation office and/or probation officer." (Doc. No. 39 at 3).

Risler is not entitled to relief on these points either. He has not identified any changed circumstances since I imposed his sentence which would justify modification of these conditions. Moreover, his concerns are speculative. For instance, Risler argues he <u>may</u> need medical treatment out-of-state which <u>might be</u> available only on short notice, or that he <u>may</u> find a job working second or third shift and therefore he <u>may</u> have a nontraditional sleep schedule.

These challenges are not ripe for review, as they rest "upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *United States v. Shipley*, 825 F. Supp. 2d 984, 989 (S.D. Iowa 2011) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998) (further citation and internal quotation marks omitted). Therefore, I deny the remainder of Risler's motion. *See Shipley*, 825 F. Supp. 2d at 990 (denying defendant's motion to modify conditions as unripe so that the conditions may be "narrowly tailored to whatever unique circumstances Defendant may present once he begins supervision").

C. **MOTION FOR COMPASSIONATE RELEASE**

Finally, Risler filed a motion for the appointment of counsel to assist him in pursuing a motion for compassionate release, (Doc. No. 41), and subsequently filed a *pro se* motion for compassionate release. (Doc. No. 42).

As an initial matter, I deny Risler's motion for the appointment of counsel to assist him with a compassionate release motion. As I noted above, there is no right to counsel in postconviction proceedings, *Finley*, 481 U.S. 551, 555-57 (1987), and Risler has not shown the appointment of counsel is necessary to serve the interest of justice in this case. *See, e.g., United States v. Prater*, No. CR 7:15-11-DCR-3, 2020 WL 2616120, at *2 (E.D. Ky. May 22, 2020) ("There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582.") (citations omitted).

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the Bureau of Prisons ("BOP") filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Risler has complied with the exhaustion requirement, as more than 30 days passed between the date on which he submitted his administrative request and the date on which he filed his motion. (*See* Doc. No. 42 at 1).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Risler argues he is at higher risk of serious complications if he were to contract Covid-19 due to certain medical conditions as well as his long history of smoking. (Doc. No. 42 at 1-2). He also argues I should grant his motion because the mother of his children has several serious health

12

conditions, and his children would be forced to relocate to Texas to live with their mother's sister in the event their mother became incapacitated. (*Id.* at 2).

I am not persuaded that these factors constitute extraordinary and compelling reasons to warrant a reduction in Risler's sentence, particularly given their speculative nature. Even if I were to assume Risler had met his burden in this regard, Risler fails to show a reduced sentence would be consistent with the applicable § 3553(a) factors.

While I have no reason to doubt Risler's concerns for his health, I conclude Risler fails to establish a further-reduced sentence[3] would not be sufficient to comply with the § 3553(a) factors, including the nature and circumstances of the offense of conviction[4] and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and to protect the public from future criminal behavior. 18 U.S.C. § 3553(a)(1)-(2).

Therefore, I deny Risler's motion for appointment of counsel and his motion for compassionate release.

### IV. CONCLUSION

For these reasons, I deny Risler's motions. (Doc. Nos. 28, 29, 34, 39, 41, and 43).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[3] As I have discussed throughout in this Opinion, I sentenced Risler to 84 months in prison, a term that is 56% of the low end of his Guideline range (which was 151 to 188 months).

[4] Risler admitted he began viewing child pornography at least 8 to 10 years prior to his arrest. (Doc. No. 18 at 4).